

**SIGNED this 01 day of June, 2006.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re  LOWLAND RAYON, INC., | No. 03-24189 |
|            Debtor. | Chapter 11 |
| LOWLAND RAYON, INC., | |
|       Plaintiff, | |
| vs. | Adv. Pro. No. 05-5089 |
| TENNESSEE VALLEY AUTHORITY, | |
|       Defendant | |
|        -and- | |
| LOWLAND RAYON, INC., | |
|       Plaintiff, | |
| vs. | Adv. Pro. No. 05-5058 |
| AKZO NOBEL FUNCTIONAL CHEMICALS LLC and AKZO NOBEL SURFACE CHEMISTRY LLC, | |
|       Defendants. | |

# **M E M O R A N D U M**

APPEARANCES:

Robert M. Bailey, Esq.  
Bailey Roberts & Bailey, P.L.L.C.  
Post Office Box 2189  
Knoxville, Tennessee 37901  
*Attorney for Lowland Rayon, Inc.*

Richard E. Riggs, Esq.  
Office of the General Counsel  
400 West Summit Hill Drive  
Knoxville, Tennessee 37902-1401  
*Attorney for Tennessee Valley Authority*

Kenneth Clark Hood, Esq.  
Rogers, Laughlin, Nunnally, Hood & Crum, P.C.  
100 South Main Street  
Greeneville, Tennessee 37743  
*Attorney for Akzo Functional Chemicals LLC  
and Akzo Nobel Surface Chemistry LLC*

Lawrence T. Burick, Esq.  
Thompson Hine LLP  
10 West Second Street  
Dayton, Ohio 45402  
*Attorney for Akzo Functional Chemicals LLC  
and Akzo Nobel Surface Chemistry LLC*

**MARCIA PHILLIPS PARSONS**
**UNITED STATES BANKRUPTCY JUDGE**

These two preference adversary proceedings are before the court on the defendants' motions to dismiss for failure to state a claim or alternatively, for summary judgment. Both actions involve defendants with whom the debtor had a prepetition executory contract, which such contracts were assumed and assigned by the debtor during the course of its bankruptcy case. The basis of the defendants' motions is that assumption of a contract precludes recovery as a preference of monies paid under the contract as a matter of law. As discussed below, the defendants' motions for summary judgment will be granted. This is a core proceeding. *See* 28 U.S.C. §157(b)(2)(F) and (O).

I.

On November 24, 2003, Lowland Rayon, Inc. filed a voluntary petition for bankruptcy relief under chapter 11. Less than a year later, the debtor sold all of its operating assets to Silva Acquisition Corp. ("Silva") in a 11 U.S.C. § 363 sale that did not include the debtor's avoidance actions under the Bankruptcy Code. Subsequently on April 28, 2005, the debtor filed a motion pursuant to 11 U.S.C. § 365 to assume its power supply contract with Tennessee Valley Authority ("TVA") and assign the contract to Silva. The motion indicated that Silva had agreed to cure within

30 days any default in the debtor's obligations to TVA, although it was opined that there were no arrearage owing. No objection was filed to the motion, and on May 25, 2005, this court entered an order granting the debtor's motion. Both the motion and the order were silent as to any possible preference action against TVA. It is undisputed that the debtor was not in default under the terms of its agreement with TVA, either as of the date of the bankruptcy filing or as of the date of the assumption order.

On November 10, 2005, the debtor commenced the instant adversary proceeding against TVA, alleging that it transferred a total of $733,500 to TVA during the 90-day period preceding the debtor's bankruptcy filing and that such payments are avoidable and recoverable under 11 U.S.C. §§ 547 and 550 as preferential transfers. On December 19, 2005, TVA filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated into bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. Alternatively, TVA seeks summary judgment under Federal Rule of Civil Procedure 56 and Federal Rule of Bankruptcy Procedure 7056, supported by the affidavit of Odell Frye, an employee of TVA with direct responsibility for the debtor's account. The motion is premised on the argument that assumption of a contract precludes recovery as a preference of monies paid under the contract.

Similar facts exist in the adversary proceeding against Akzo Nobel Functional Chemicals LLC ("Akzo"). The debtor and Akzo were parties to a prepetition supply contract whereby Akzo was to supply the debtor's requirements for carbon disulfide. As of the debtor's bankruptcy filing, the debtor was in default under the contract in the amount of $461,340.54. After the debtor's bankruptcy filing and in conjunction with its sale to Silva, the debtor on July 9, 2004, filed a motion to amend, assume and assign its executory contract with Akzo to Silva. The motion provided that Silva would cure the debtor's defaults under the contract in accordance with an Assumption and Assignment Agreement attached to the motion. No party objected to the motion, and consequently, this court entered an order on July 22, 2004, approving the motion. As with respect to the TVA contract, the Akzo assumption motion and order made no reference to any possible preference claim against Akzo.

On November 7, 2005, the debtor filed an adversary proceeding against Akzo seeking to

3

recover alleged prepetition preferential transfers made by the debtor to Akzo in the amount of $538,841.13.* The complaint was met with Akzo's motion to dismiss or for summary judgment filed March 16, 2006. Akzo's motion is supported by the affidavit and supplemental affidavit of Richard G. Buff, its vice-president. From all of the parties' statements, it is clear that there are no factual disputes with respect to the issue before this court.

II.

According to the defendants, it is black-letter law that assumption of a contract precludes recovery as a preference of monies paid under the contract, with TVA citing the authoritative bankruptcy treatise, *Collier on Bankruptcy*. 3 *Collier on Bankruptcy* 365.05[3][d] (15th ed. rev. 2005) ("[A]ny prepetition payment under a contract that is later assumed is not avoidable as a preference . . . ."). From this court's review of the case law, every court which has examined this issue, including the Third, Seventh, and Ninth Circuit Courts of Appeals, have reached this conclusion. *See Kimmelman v. Port Authority of N.Y. & N.J. (In re Kiwi Int'l Air Lines, Inc.,)* 344 F.3d 311 (3d Cir. 2003); *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169 (7th Cir. 1996); *Alvarado v. Walsh (In re LCO Enters.)*, 12 F.3d 938 (9th Cir. 1993); *In re Greater Se. Comm. Hosp. Corp.*, 327 B.R. 26 (Bankr. D.D.C. 2005); *Philip Servs. Corp. v. Luntz (In re Philip Servs (Del.), Inc.,)*, 284 B.R. 541 (Bankr. D. Del. 2002); *MMR Holding Corp. v. C & C Consultants, Inc., (In re MMR Holding Corp.)*, 203 B.R. 605 (Bankr. M.D. La. 1996); *Virtual Network Servs. Corp. v. Brook Furniture (In re Virtual Network Servs. Corp.)*, 97 B.R. 433 (Bankr. N.D. Ill. 1989); *Phoenix Rest. Group, Inc. v. Denny's Corp. (In re Phoenix Rest. Group, Inc.,)*, 2005 WL 114327 (Bankr. M.D. Tenn. Jan. 10, 2005). *See also Seidle v. GATX Leasing Corp.*, 778 F.2d 659 (11th Cir. 1985) (a § 547 preference action is precluded by a cure under § 1110, which permits a secured creditor to repossess aircraft unless the debtor cures existing defaults within 60 days).

---

* The complaint was subsequently amended by agreed order to reflect that two defendants were actually being sued, Azko and Azko Nobel Surface Chemistry LLC, the latter of which has filed an answer and did not join in Azko's pending motion to dismiss or for summary judgment. From the statements of undisputed material facts filed by the debtor and Azko, it would appear that of the $538,841.13 at issue, $491,417.50 were payments to Azko under the assumed contract, with the balance representing payments to Azko Nobel Surface Chemistry LLC arising from unrelated transactions.

Notwithstanding their common conclusion, the courts differ as to their rationale. Most decisions appear to be based on what the courts perceive as an inherent inconsistency between the preference statute, § 547, and the assumption provision, § 365. As explained by one court:

> Under § 365(b)(1), a debtor is required to cure all defaults (or give adequate assurance that the trustee will promptly cure such defaults) as a condition to assuming the contract. Treating payments made under such an assumed contract as subject to a trustee's avoidance powers would be inconsistent with having accepted the burdens of the assumed contract, and the obligation fully to perform under the contract. Because a trustee's assumption of an executory contract gives the other party to the contract the right to the full benefit of his bargain, pursuit of avoidance actions to recover payments that were made in compliance with that bargain would plainly be at odds with the assumption order. That the Bankruptcy Code does not expressly state this proposition is of no consequence. The power to avoid payments that were made under an executory contract and the power to assume the executory contract are plainly mutually exclusive remedies without the necessity of such an express statement.

*In re Greater Se. Comm. Hosp. Corp.*, 327 B.R. at 31-32 (internal citation and footnote omitted). *See also In re Kiwi Int'l Air Lines, Inc.,* 344 F.3d at 321 ("[T]he payments to all three of the defendants here are not recoverable as preferences because, had the creditors not received the payments pre-petition, they would have received amounts reflecting those sums, in any event, when the Bankruptcy Court approved the cures of the assumed agreements."); *In re Superior Toy & Mfg. Co.*, 78 F.3d at 1174 ("Section 547 and § 365 are mutually exclusive avenues for a trustee. A trustee may not prevail under both."); *In re LCO Enters.*, 12 F.3d at 943 ("The Trustee seeks to avoid payments that it was obligated to make pursuant to the court-approved assumption of the lease . . . . The Trustee cannot use § 547(b) to circumvent the [cure] requirements of §365(b)."); *In re Philip Servs. (Del.), Inc.,* 284 B.R. at 553 ("[O]nce an executory contract is assumed, the trustee or debtor may not maintain a preference action to recover payments made prepetition pursuant to that contract"); *In re MMR Holding Corp.*, 203 B.R. at 613 ("[P]repetition payments, which might otherwise be recoverable as preferences, are not recoverable preferences if the contract upon which the payments are based is assumed pursuant to § 365, as the estate cannot simultaneously become administratively obligated for all amounts due under an assumed contract (both pre- and post-petition) and recover for the estate payments made pursuant to the contract."). *Compare Seidle*, 778 F.2d at 665 (concluding that a preference action after a § 1110 cure would undermine the protection that § 1110 provides for creditors).

5

The Seventh Circuit Court of Appeals has even reasoned that this result is Congress' intent, notwithstanding that the Bankruptcy Code does not explicitly bar a preference action in connection with an assumed contract. "Congress passed § 365 to insure that a contracting party is made whole before a court can force the party to continue performing with a bankruptcy debtor. Permitting a preference suit after an assumption order would undermine that purpose." *In re Superior Toy & Mfg. Co.*, 78 F.3d at 1174 (quoting House and Senate reports: "If the trustee is to assume a contract or lease, the court will have to insure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of his bargain."). *See also Seidle*, 778 F.2d at 660 (resolving the tension between §§ 547 and 1110 by "congressional intent and common sense").

Some courts have reasoned that a preference action to recover payments made on an assumed contract is not sustainable because the plaintiff will be unable to establish the § 547(b)(5) element of a preference: that the transfer enabled the creditor to receive more than if the case were a chapter 7 and the transfer had not taken place. These courts have concluded that a party to an assumed lease or contract does not receive more than other similarly situated creditors because payment of all prepetition defaults is a statutory prerequisite to assumption under § 365. *See In re LCO Enters.*, 12 F.3d at 944 ("Because the lease was assumed, [the creditor's] position was not improved by the prepetition payments within the meaning of § 547(b)(5)."); *In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 321 (trustee could not satisfy § 547(b)(5) because had the creditor not received the payments prepetition, it would have received them upon assumption); *In re MMR Holding Corp.*, 203 B.R. at 613 ("[T]he act of assumption precludes the application of § 547(b)(5)" . . . .). *See also Seidle*, 778 F.2d at 665 (§ 547(b)(5) would not be satisfied if § 1110 cure occurred).

An unreported decision from a bankruptcy court in this circuit has rejected this approach as inconsistent with the Sixth Circuit Court of Appeals' decision in *Neuger v. United States (In re Tenna Corp.)*, 801 F.2d 819 (6th Cir. 1986), wherein the court held that the § 547(b)(5) hypothetical liquidation must be made as of the bankruptcy filing date. *See In re Phoenix Rest. Group, Inc.*, 2005 WL 114327, *11. According to Bankruptcy Judge Keith Lundin in *Phoenix*, the error in relying on the § 547(b)(5) analysis as a basis to bar preference actions on assumed contracts is that, contrary to the *Tenna* decision, it takes into account events that occurred during the chapter 11 case, i.e., the contract assumption itself. *Id.*

Notwithstanding the foregoing observation, Judge Lundin held that a contract or lease assumption precluded a subsequent preference action due to the res judicata effect of the assumption order. *Id*. at *11-13. "A claim is barred by the res judicata effect of prior litigation if the following elements are present: '(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'" *Id*. at *12 (quoting *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002)). The *Phoenix* court concluded that each of these elements existed in the case before it. The order assuming the contract was a final decision on the merits; the same parties were involved in both the assumption and the preference actions; and there a common issue in the two actions: the amount of the default which had to be cured since any preference recovery would directly conflict with the previously determined cure amounts. *Id*. at *12-13. *See also In re Virtual Network Servs. Corp.*, 97 B.R. at 435 (similarly concluding that res judicata barred a subsequent avoidance action after a lease assumption).

The most recent case on the issue, *Greater Southeast*, rejects the assertion that *Tenna* bars consideration of the postpetition assumption of an executory contract in deciding whether prepetition payments on the executory contract may be recovered as preferences.

> In *Tenna Corp.*, the chapter 7 trustee sought to recover payments to the IRS as preferences, arguing that insufficient assets existed in the chapter 7 case to pay all creditors of the IRS's rank of priority in full. However, the case had lingered in chapter 11 for more than eight months before it was converted to chapter 7. Section 547(b)(5) requires the court to assume that the case was one under chapter 7. The court of appeals held that any deterioration in the estate's financial condition that arose during the chapter 11 case, thereby preventing enough assets to be on hand to pay creditors of the IRS's rank of priority in full in the ensuing chapter 7 case, ought not be taken into account in conducting the § 547(b)(5) hypothetical liquidation in a hypothetical chapter 7 case.
>
> Here, in contrast, the court is merely holding that the assumption of Humana's executory contracts pursuant to a trustee's assumption powers has binding effects on the preference avoidance powers of a trustee pursued against Humana. Necessarily, Humana's executory contract must be treated as assumed, not rejected, in applying the § 547(b)(5) analysis regarding the payments to Humana.

*In re Greater Se. Comm. Hosp. Corp.*, 327 B.R. at 37.

Moreover, this same court concluded:

> [I]t is inappropriate to strait-jacket a court to a mechanical application of principles of res judicata in analyzing this issue. A consideration of the nature of the two remedies of assumption and preference avoidance readily leads to the conclusion that the Bankruptcy Code contains a built-in preclusion principle: it plainly contemplates that assumption of an executory contract and preference avoidance regarding payments under the same executory contract are mutually exclusive avenues of relief.

*Id*. at 36.

Lastly, the *Greater Southeast* court suggested that the equitable principle of recoupment would bar a subsequent preference action.

> In any event, it is evident that the rights of a party to an executory contract assumed by a trustee, and any rights of a trustee to avoid payments under that executory contract grow out of the same transaction, and thus would give rise to a dollar for dollar recoupment defense to any attempt to avoid and recover payments under the same contract.

*Id*. at 37-38 (citing, *inter alia*, *In re Philip Servs. (Del.), Inc*., 284 B.R. at 553 ("Even if we were to follow the Sixth Circuit's analysis [in *Tenna*] and conclude that the payment at issue is a preference, the Defendants would still have the right (under section 365) to insist upon the repayment of the $5,000,000 as a cure, since the contract has been assumed. Thus, whether we consider the assumption of the executory contract as eliminating a necessary element of a preference or as a defense in the nature of a setoff or recoupment, we conclude that requiring the Defendants to repay the $5,000,000 would be a futile act.")). *See also Seidle*, 778 F.2d at 665 (noting that debtor would be "unjustly enriched if permitted to avoid the conditions which premised [its] possession of the aircraft").

In the present adversary proceedings, the defendants, not surprisingly, cite all of the above cases as authority for their motion to dismiss for failure to state a claim or for summary judgment. In response, the debtor observes that these decisions are not binding on this court because they were not rendered by the Sixth Circuit Court of Appeals. The debtor also notes that the plain language of the relevant statutes, §§ 547 and 365, does not bar a preference against a party to an assumed contract. As to the cases that have concluded that assumption of a contract eliminates the § 547(b)(5) element of a preference, the debtor argues in reliance on *Phoenix* that this approach is

prohibited by the Sixth Circuit Court of Appeal's *Tenna* decision. Lastly, the debtor maintains that the required elements for application of res judicata are not present in this case. Specifically, debtor asserts that the assumption orders were not final decisions, that these preference actions do not raise an issue that should have been litigated in the context of the assumption/assignment motions, and that there is no identity of the causes of action because a contract assumption motion pursuant to § 365 and a preference action under § 547 are fundamentally different causes of action.

With the exception of the argument as to non-binding effect of decisions from other jurisdictions, all of the debtor's arguments have been addressed and dismissed by the various courts that previously decided this issue. In this regard, this court finds the reasoning of the bankruptcy court in the *Greater Southeast* decision, which dealt with all of the arguments raised by the debtor, to be particularly persuasive. *See In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 898 (Bankr. S.D.N.Y. 1993) ("[A] logical and well-reasoned decision . . . is always persuasive authority, regardless of its district or circuit of origin or its ability to bind."). In this court's view, the debtor's most compelling argument is that the Bankruptcy Code itself is silent as to the effect of the assumption of a contract on subsequent attempts to recover as preferences payments made under the contract. However, after a careful reading of *Greater Southeast's* analysis of the interplay between §§ 365 and 547, this court finds itself in agreement with the conclusion that "the operation of these statutes makes clear that they are mutually exclusive remedies." *In re Greater Se. Comm. Hosp. Corp.*, 327 B.R. at 31.

With regard to the argument that *Tenna* prohibits the § 547(b)(5) approach, as previously noted the *Greater Southeast* court rejected this assertion. *Id*. at 36. It is also worth noting as pointed out by TVA in its reply brief that the Sixth Circuit Court of Appeals' *Tenna* decision did not prohibit consideration of all events which transpired in the reorganization case when applying § 547(b)(5)'s hypothetical liquidation test. In concluding that the test must take place as of the filing of the petition, the court was concerned with the question of whether *all* post-petition debts incurred during the reorganization should be included in the § 547 determination, specifically super-priority loans obtained to finance the debtor's reorganization efforts. *In re Tenna Corp.*, 801 F.2d at 822-23. Although dicta, the Sixth Circuit expressly recognized that post-petition administrative expenses may be included in applying paragraph (5) of § 547(b):

9

> We recognize that any administrative expense incurred during the pendency of the bankruptcy proceeding should be included in the determination. *In re Independent Clearing House Co.*, 41 B.R. [985], 101 [(Bankr. D. Utah. 1984)]. It proves too much, however, to assume that including administrative expense incurred during the reorganization must, by necessity, show a Congressional intention that all debts incurred during the reorganization be included. Administrative expenses are a constant element in all bankruptcy proceedings and can be derived with some degree of certainty, even when constructing a hypothetical liquidation; super-priority liens, of the type here, do not possess these characteristics.

*Id.* at 823. Furthermore, amounts paid to cure a default in the process of assuming a lease are administrative expenses. *See In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d at 318 ("[B]ecause assumption acts as a renewed acceptance of the terms of the executory bargain, the Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate, which will be paid first out of the assets of the estate."). The foregoing suggests, contrary to the conclusion reached in *Phoenix*, that *Tenna* does not prohibit consideration of all post-petition events in applying § 547(b)(5). *See In re LCO Enters.*, 12 F.3d at 942 ("The [*Tenna*] court did not establish an inflexible rule that no postpetition events were to be considered. Indeed, the court acknowledged that administrative expenses, which are necessarily incurred postpetition, should be included in the hypothetical liquidation analysis."); *Dakmak v. United States (In re Lutz)*, 241 B.R. 172, 177-78 (E.D. Mich. 1998) (bankruptcy court did not have to construct its hypothetical liquidation in vacuum, but could consider administrative expenses actually incurred during pendency of bankruptcy proceeding in assessing what distribution the transferee would have received in hypothetical liquidation).

And, while this court recognizes as did the court in *Phoenix* that the res judicata effect of an assumption order may bar a subsequent preference action, it agrees with the court in the *Greater Southeast* decision that it is "inappropriate to strait-jacket a court to the mechanical application of the principles of res judicata." *In re Greater Se. Comm. Hosp. Corp.,* 327 B.R. at 36. Rather, regardless of whether the issue turns on the internal inconsistency between §§ 365 and 547, the absence of § 547(b)(5), recoupment, setoff, unjust enrichment, Congressional intent, or plain common sense, this court is persuaded by the unanimous conclusion of all the courts that have addressed the issue that assumption of a contract precludes the recovery of preferential payments made under the contract as a matter of law.

Moreover, while the Sixth Circuit Court of Appeals has not addressed this issue, its expressed concerns in *Tenna* about a trustee's ability to manipulate the timing of a preference action leads this court to believe that it would likewise reach the same result. In concluding that the § 547(b)(5) analysis should take place as of the date of the filing of the petition as opposed to the date of the hearing on the preference action, the Sixth Circuit Court of Appeals observed:

> We believe that it is "inconceivable and illogical" to assume that Congress intended to permit the estate's trustee to control the timing for testing whether a payment can be avoided as a preference. Tenna's trustee, in this case, did not commence the adversary proceeding for over a year after the Chapter 11 petition was filed. The hearing on the adversary proceeding was not held until two and one-half years later. Close to four years passed between the time the petition was filed and the hearing was held. If the trustee had commenced the adversary proceeding and the hearing was held soon thereafter, the ratio of debts to assets of the estate at that time might have been dramatically different. We agree with the government that such a reading of the Code invites manipulation and that, we must assume, was not Congress' intent.

*In re Tenna Corp.*, 801 F.2d at 823.

The same ability to manipulate would exist in the present case if the debtor's preference actions were allowed to go forward at this time, notwithstanding the previous assumption of the underlying contracts. If a debtor or trustee were to bring a preference action before deciding to assume a contract or lease, any payments recovered would subsequently have to be returned to the creditor upon assumption. However, if the debtor or trustee decided to assume a contract before commencement of the preference action, as in the present case, it would be able to obtain both the benefit of the assumption and recovery of the preference. It does not seem likely to this court that Congress intended recovery of the preference to turn on the timing of the preference action. As stated by the court in *Superior Toy*, "If Congress had intended to deprive contracting parties of monies they received prepetition, why would Congress require that all defaults be cured prior to assumption? Serendipity would determine whether a contracting party is subjected to a preference suit." 78 F.3d at 1174.

### III.

Federal Rule Civil Procedure 56(c) mandates that "[t]he judgment sought shall be rendered

forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court having concluded as a matter of law that the debtor's assumption of the contracts with the defendants precludes recovery as a preference of monies paid under the contracts, and there being no dispute as to any fact in this regard, summary judgment in favor of the defendants is appropriate. Accordingly, an order granting the defendants summary judgment will be entered contemporaneously with the filing of this memorandum opinion.

# # #